NICOLA HANNA
United States Attorney
BRANDON FOX
Assistant United States Attorney
Chief, Criminal Division
J. MARK CHILDS (Cal. Bar No. 162684)
Assistant United States Attorney
INMLRS Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2433
    Facsimile: (213) 894-0142
    E-mail:    mark.childs@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 13-484-CAS |
|---|---|
| Plaintiff, | GOVERNMENT'S OBJECTIONS TO THE PSR AND SENTENCING POSITION FOR DEFENDANT LUIS VEGA |
| v. | |
| LUIS VEGA, | |
| Defendant. | Sentencing Date: 4/27/20<br>Hearing Time:    1:00 p.m. |

The government files its position paper regarding the sentencing factors for defendant LUIS VEGA ("defendant"). The government requests that this Court sentence defendant, consistent with the plea agreement, to a term of imprisonment of 120 months followed by five years of supervised release to be served concurrently to the sentence in Case No. CR 18-173-GW and the sentence for count two in this case, namely, Case No. CR 13-484-CAS.

The plea agreement was the result of months of highly intense negotiations between government counsel and defendant's counsel. The

1

parties' counsel engaged in over two-dozen communications about the terms of the plea agreement. The government fully supports that this Court follow the terms of the plea agreement.

## I. BACKGROUND

On May 7, 2019, defendant was found guilty by jury trial of count two charging possession with intent to distribute marijuana, aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(D) and 2 U.S.C. § 2(a). The statutory maximum for the marijuana charge, count two, is 60 months imprisonment. (See page 4 of PSR). The jury hung on count 1.

Pursuant to a written plea agreement, on December 20, 2019, defendant plead guilty to count 1 charging conspiracy to possess with intent to distribute and to distribute controlled substances, namely, methamphetamine, in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 841(a)(1). Given the quantity of methamphetamine defendant stipulated to in his plea agreement, namely, at least 500 grams of a mixture containing a detectable amount of methamphetamine, defendant qualifies for the 10 year mandatory minimum term of imprisonment, pursuant to § 841(b)(1)(A). See ¶¶ 5 and 15 of plea agreement.

Separately, in front of the Honorable George H. Wu, U.S. District Court Judge for the Central District of California, defendant pled guilty to a RICO conspiracy charge in Case No. CR 18-173-GW. (PSR ¶ 22).

**II.   THE GOVERNMENT'S OBJECTIONS TO THE PSR DATED MARCH 23, 2020 AND THE USPO RECOMMENDATION LETTER DATED MARCH 16, 2020**

The government makes the following objections to the U.S. Probation Office's("USPO's") Presentence Investigation Report ("PSR") dated March 23, 2020 ("PSR") and the USPO's sentencing recommendation letter dated March 16, 2020 ("USPO Letter"):

First, the government objects to the USPO Letter's recommendation that defendant be sentenced to 135 months imprisonment. In this case, the government recommends that defendant be sentenced to 120 months imprisonment, consistent with the plea agreement. Plea Agreement ¶¶ 2(i) and 3(d).

Second, the government objects to the PSR's and the USPO Letter's failure to acknowledge that, for count one, defendant is subject to the 10 year mandatory minimum, pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(A). Plea Agreement ¶¶ 4 and 5. Pursuant to 21 U.S.C. § 841(b)(1)(A), defendant is subject to a 10 year mandatory minimum term of imprisonment if he conspired to distribute or possess with intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine. For count one, defendant admitted being guilty of conspiring to distribute and possess with intent to distribute this threshold amount of methamphetamine on multiple occasions:

- At paragraph 5 of the plea agreement, "Defendant admits that defendant, in fact, conspired to distribute and possess with intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine as described in Count One of the Indictment."

- At paragraph 15 of the plea agreement (factual basis), "Beginning on a date unknown, but no later than in or

- around April 2011, and continuing to in and around November 16, 2011, in and around Los Angeles County, within the Central District of California, and elsewhere, defendant agreed and conspired with at least one other person charged in Count One of the Indictment, and others to knowingly and intentionally distribute, and possess with intent to distribute, at least 500 grams of a mixture containing a detectable amount of methamphetamine, a Schedule II controlled substance."

- On December 20, 2019, at defendant's change of plea hearing, defendant admitted that he, no later than around April 2011, and continuing to around November 16, 2011, agreed and conspired with at least one other person charged in Count One of the Indictment, and others to knowingly and intentionally distribute, and possess with intent to distribute, at least 500 grams of a mixture containing a detectable amount of  methamphetamine, a Schedule II controlled substance.

- On February 21, 2020, defendant was interviewed by the Probation Officer at the Metropolitan Detention Center in Los Angeles in the presence of counsel.  At that time, defendant stipulated to the factual basis of the plea agreement, which included that he conspired to possess with intent to distribute and distribute at least 500 grams of a mixture containing a detectable amount of methamphetamine.  (PSR ¶ 41).

Third, the government objects to the PSR's finding that the base offense level is 30 because the parties stipulated (and defendant admitted) to the appropriate base offense level of 32.  Plea Agreement ¶ 17 ("Base Offense Level: 32 [U.S.S.G. § 2D1.1(c)(4)]").  Based on the trial testimony, which this Court had the luxury of experiencing for well over a month, there is little doubt that sufficient evidence was presented to this Court to support that defendant conspired to distribute and possess with intent to distribute an amount of methamphetamine sufficient to qualify for base offense level 32 under U.S.S.G. § 2D1.1(c)(4).  Again, defendant

and the government agreed to base offense level 32.

<u>Fourth</u>, consistent with paragraph 17 of the plea agreement, the government objects to the PSR's two-level enhancement for use a dangerous weapon (PSR ¶ 53) and the PSR's three-level enhancement for being a "manager or supervisor" (PSR ¶ 56). The government requests that the Court not apply any enhancements or upward adjustments.

### III. **GOVERNMENT REQUESTS THAT THIS COURT SENTENCE DEFENDANT CONSISTENT WITH THE PLEA AGREEMENT.**

Defendant and the government should receive the benefit of their bargain, which was the result of months of intense negotiations. In exchange for defendant receiving 120-month term of imprisonment, the government is able to reapply its scarce resources to other criminal actors. A retrial of defendant would have consumed hundreds, if not thousands, of law enforcement and prosecutorial person-hours.

The government respectfully requests that this Court find that defendant's total offense level to be 29, (base offense level 32, pursuant to U.S.S.G. § 2D1.1(c)(4), minus three levels for acceptance of responsibility); defendant's criminal history category to be IV; and defendant's Guideline range to be 121 to 151 months. The government agrees that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), defendant should be sentenced to 120 months' imprisonment followed by five years of supervised release to be served concurrently to the sentence in Case No. 18-173-GW and the sentence for count two in Case No. 13-484-CAS.

// // //

// // //

5

Also, pursuant to the plea agreement, the government requests that this Court *recommend* to the United States Bureau of Prisons that defendant receive credit for time spent in custody between November 16, 2011, and the date of sentencing in this case, for purposes of 18 U.S.C. § 3585(b).[1]

_____//S//_____         Date: March 26, 2020
J. MARK CHILDS
Assistant U.S. Attorney

---

[1] Pursuant to the plea agreement, after sentencing in this case and Case No. 18-173-GW, the Government agrees to ensure that the Los Angeles County District Attorney's Office dismiss with prejudice People of the State of California v. Luis Vega, Superior Court of the State of California for the County of Los Angeles, Case No. BA390999. (PSR ¶ 5 and Plea Agreement ¶ 3(f)).